IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MARCUS SCISSUM,<br><br>    Defendant. | CRIMINAL CASE NO.<br>1:13-CR-0420-JEC-LTW |

### REPORT AND RECOMMENDATION

Marcus Scissum ("Defendant") has been indicted by the grand jury for one count of using an instrument of interstate commerce, that being a phone, to make a threat to unlawfully damage and destroy a building by means of a fire or an explosive in violation of 18 U.S.C. § 844.  Defendant is also charged with using an instrument of interstate commerce, that being the internet, to make a threat to unlawfully damage and destroy a building by means of fire or an explosive in violation of 18 U.S.C. §844(e).  Docket Entry [1].  For reasons discussed below, the undersigned magistrate judge **RECOMMENDS** that Defendant be found **NOT COMPETENT** to stand trial and that he be committed to the Attorney General for further evaluation.

### PROCEDURAL BACKGROUND

On December 19, 2013, the Court entered an Order allowing Dr. Johnathan Guy to conduct a psychological evaluation of Defendant Marcus Scissum to determine Defendant's competency to stand trial.  Doc. [17].  Dr. Guy conducted a psychological

examination of Defendant and issued a written report detailing the bases of his opinions regarding Defendant's competency. (Docket Entry [23]; Def.'s Ex. 1, filed under seal). This Court held a hearing on the issue of Defendant's mental competency to stand trial on the charges listed in the indictment. Docket Entry [23]. Defendant presented Dr. Guy's evaluation and findings opining therein, to a reasonable degree of medical certainty that, at the time of the evaluation, Defendant is not competent to stand trial. (Def.'s Ex. 1, at 12). The Government did not contest Dr. Guy's opinion.

## LEGAL STANDARD FOR JUDGING COMPETENCY

Title 18 U.S.C. § 4241 et seq., guides the assessment of competence for a defendant in federal criminal proceedings. Section 4241(d) provides that the Court shall find the defendant to be incompetent "[i]f, after the [competency] hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense . . . ." 18 U.S.C. § 4241(d). The test is "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960) (per curiam) (construing Section 4241's predecessor, 18 U.S.C. § 4244 (1958)).

2

## FACTS AND DISCUSSION

1. On December 27, 2013, Dr. Johnathan Guy, a board certified forensic psychologist employed with the Atlanta Stress Center, LLC, evaluated Defendant for three hours at the Robert A. Deyton Correctional Facility. (Def.'s Ex. 1, at 2).

2. Prior to the interview, Dr. Guy informed Defendant that Dr. Guy would be evaluating Defendant to assist the Court with determining his competency to stand trial. (Gov't's Ex. A, at 3).

3. Defendant was informed that the interview was not confidential and any information he provided could be reported to the Court in either written format or oral testimony. (Id.).

4. Dr. Guy also advised Defendant that a copy of his report would be sent to Defendant's attorney and that Defendant had the right not to answer any questions. (Id.).

5. Defendant agreed to proceed with the evaluation and signed an Advisory Notice. (Id.).

6. Defendant was aware of the charges and the nature of the proceeding in that he was able to narrate the circumstances under which he was arrested, such as the where he was, whom he was with, and what he was doing. (Def.'s Ex. 1, at 4).

7. Defendant was aware of the possible consequences of his alleged conduct in that he was aware of the possible pleas, and was able to weigh the pros and cons of a plea bargain. (Def.'s Ex. 1, at 4-5).

8. According to Dr. Guy, Defendant has a long history of mental illness, specifically schizoaffective disorder, which is a combination of a thought and mood disorder. (Def.'s Ex. 1, at 11).

9. Dr. Guy also notes that Defendant has a history of chronic and intermittent suicide thoughts, multiple suicide attempts, and has likely experienced symptoms of schizoaffective disorder since adolescence, which has resulted in multiple psychiatric hospitalizations. (Def.'s Ex. 1, at 11).

10. Recent medical records from Heartland Behavioral Healthcare indicate Defendant was admitted to the inpatient psychiatric unit on an involuntary basis on June 18, 2013, due to severely impaired judgment due to mental illness and imminent danger to others based on bombing threats. (Def.'s Ex. 1, at 8).

11. On admission, Defendant displayed symptoms including paranoid and grandiose delusions (fixed false beliefs), auditory hallucinations, inappropriate laughter, euphoric affect (facial expression of emotion), and a loose thought process. (Id.).

12. Defendant was diagnosed with psychotic disorder not otherwise specified, polysubstance dependence, and personality disorder not otherwise specified. (Id.).

13. In Dr. Guy's evaluation, Dr. Guy noted Defendant's mental illness impairs his competency to stand trial for a number of reasons, including but not limited to the fact that Defendant's thoughts are disordered, as evidenced by chronic psychotic symptoms including auditory hallucinations, as well as paranoid and grandiose

delusions.

14. Dr. Guy also opined that Defendant did not have a rational understanding of the proceedings against him because his paranoid thinking and grandiose delusions frequently intruded upon and interfered with Defendant's ability to testify on his own behalf, communicate, consult with, and rationally assist his attorney in making decisions regarding legal strategy. (Def.'s Ex. 1, at 12).

15. Thus, Dr. Guy opined to a reasonable degree of medical certainty that, at the time of the evaluation, Defendant was not competent to stand trial. (Id.).

In addition to the foregoing summary, this Court notes the following relevant facts were provided in Dr. Guy's written evaluation of Defendant.

### A.   Defendant's Clinical and Social History

Defendant is a thirty-two-year-old single male raised by his mother in Youngstown, Ohio. (Def.'s Ex. 1, at 5). Dr. Guy noted that Defendant denied any history of physical or sexual abuse. (Id.). Defendant reported having obtained a high school diploma and attending Youngstown State University from 1999-2000, and then transferring to Kent State University from 2000-2002. (Id.). Defendant studied business courses but did not get a college degree. ( Id.).

### B.   Defendant's Criminal History

Dr. Guy outlined Defendant's criminal history, including criminal damage to property- second degree; aggravated battery; aggravated assault; driving while license suspended or revoked; aggravated battery; criminal attempt to commit robbery by

5

snatch; terroristic threats and acts; criminal trespass; wilful obstruction of law enforcement officers by use or threats or violence; disorderly conduct; false imprisonment; simple assault; and a probation violation. (Def.'s Ex. 1, at 7).

Taking into consideration Dr. Guy's opinion and recommendation, and the totality of the evidence, this Court finds that a preponderance of the evidence supports the conclusion that Defendant is not competent to proceed with this case at this time.

## HOSPITALIZATION FOR FURTHER EVALUATION

The Defendant and the Government concur, and the Court finds, that 18 U.S.C. § 4241(d) and Eleventh Circuit authority, United States v. Donofrio, 896 F.2d 1301, 1302 (11th Cir. 1990), require that if the Court finds Defendant incompetent to proceed, then the Defendant must be committed to the Attorney General for further evaluation. Both the Government and Defendant also concur that Defendant is incompetent to proceed at this time. Accordingly, the undersigned **RECOMMENDS** that in accordance with § 4241(d)(1), Defendant be committed to the custody of the Attorney General for a reasonable period of time, not to exceed four months, to allow for an assessment of "whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed." 18 U.S.C. § 4241(d)(1). Ultimately, the Court will decide whether Defendant has a substantial probability of attaining competency within a reasonable period of time. See id. If the Court determines that such a substantial probability exists, commitment for the purpose of attaining competency also is circumscribed by a reasonable period of time, not to exceed four months. 18 U.S.C.

6

§ 4241(d)(1), (d)(2).

## CONCLUSION

For reasons discussed above, the undersigned **RECOMMENDS** that Defendant be found **NOT COMPETENT** to stand trial and that he be committed to the Attorney General for further evaluation. The undersigned also **RECOMMENDS** that the pending Motion to Suppress Statements (Doc. 15) be **DENIED** without prejudice to renew if Defendant is later found competent to proceed with this case.[1]

**IT IS SO ORDERED** this the 3rd day of April, 2014.

s/Linda T. Walker
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

---

[1] Because Defendant's family lives in Ohio, Defendant's counsel has requested, if possible, that a suitable facility in **Lexington, Kentucky** be designated for Defendant's continued hospitalization and treatment.